FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 11, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOLENE W., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 2:18-CV-00165-JTR <br><br> ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 14, 15. Attorney Dana C. Madsen represents Jolene W. (Plaintiff); Special Assistant United States Attorney Heather L. Griffith represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **DENIES** Plaintiff's Motion for Summary Judgment and **GRANTS** Defendant's Motion for Summary Judgment.

## JURISDICTION

Plaintiff filed an application for Disability Insurance Benefits (DIB) on November 7, 2014, Tr. 120, and an application for Supplemental Security Income (SSI) on December 29, 2015, Tr. 179. She alleged her disability began on August 1, 2013, Tr. 224, 240, due to bipolar disorder, personality disorder, posttraumatic stress disorder (PTSD), and cyclic vomiting syndrome, Tr. 266. The DIB

ORDER GRANTING DEFENDANT'S MOTION - 1

application was denied initially and upon reconsideration. Tr. 151-53, 158-59. The SSI application was consolidated with the DIB application at the hearing level. Tr. 179. Administrative Law Judge (ALJ) Marie Palachuk held a hearing on November 16, 2016 and heard testimony from Plaintiff, medical expert Minh Vu, M.D., psychological expert Marian Martin, Ph.D., and vocational expert Sharon Walter. Tr. 40-73. The ALJ issued an unfavorable decision on January 13, 2017. Tr. 19-33. The Appeals Council denied review on March 26, 2018. Tr. 1-5. The ALJ's January 13, 2017 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. §§ 405(g), 1383(c). Plaintiff filed this action for judicial review on May 21, 2018. ECF Nos. 1, 4.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 37 years old at the alleged date of onset. Tr. 224. She completed her GED in 2009. Tr. 267. Her reported work history includes the jobs of caregiver, fast food worker, housekeeper, appointment setter, and telemarketer. Tr. 267, 282-87. When applying for benefits Plaintiff reported that she stopped working on August 13, 2013 because of her conditions. Tr. 266.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put

another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once the claimant establishes that physical or mental impairments prevent her from engaging in her previous occupations. 20 C.F.R. §§ 404.1520(a), 416.920(a)(4). If the claimant cannot do her past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) the claimant can perform specific jobs which exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If the claimant cannot make an adjustment to other work in the national economy, she is found "disabled". 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On January 13, 2017, the ALJ issued a decision finding Plaintiff was not

disabled as defined in the Social Security Act from August 1, 2013 through the date of the decision.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since August 1, 2013, the alleged date of onset. Tr. 21.

At step two, the ALJ determined that Plaintiff had the following severe impairments: cyclic vomiting syndrome; right shoulder tendinopathy; migraines; bipolar disorder; PTSD; and personality disorder, not otherwise specified. Tr. 21.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 24.

At step four, the ALJ assessed Plaintiff's residual function capacity and determined she could perform a range of medium work with the following limitations:

> [S]he is limited to no climbing of ladders, ropes or scaffolds; frequent overhead reaching with the bilateral upper extremities; avoid concentrated exposure to extreme temperatures, respiratory irritants and hazards; no more than moderate exposure to industrial noise and industrial vibrations (both to avoid migraine triggers); able to understand, remember and carryout simple, routine and repetitive tasks and instructions; able to maintain attention and concentration on simple, routine tasks for two-hour intervals between regularly scheduled breaks; no more than minimal changes in the work routine; no judgment or decision making; no fast paced production rate (defined as assembly line type work); no interaction with the public; no more than occasional small groups of three to four workers or independent work setting; should deal with things rather than people.

Tr. 26. The ALJ identified Plaintiff's past relevant work as cashier II, telephone solicitor, cleaner housekeeping, fast food worker, sales representative (door to door), and fund raiser II and found that she could perform the past relevant work of cleaner housekeeping as it is generally performed in the national economy. Tr. 31.

As an alternative to denying the claim at step four, the ALJ made a step five

determination that, considering Plaintiff's age, education, work experience and residual functional capacity, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform, including the job of cleaner housekeeping. Tr. 31-32. The ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act from August 1, 2013, through the date of the ALJ's decision. Tr. 32.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by failing to properly weigh Plaintiff's symptom statements and failing to properly weigh the medical opinions in the record. ECF No. 14. Additionally, Plaintiff argues that these errors were not harmless and the proper remedy is to remand the matter for an immediate award of benefits. *Id*.

## DISCUSSION[1]

### 1. Plaintiff's Symptom Statements

Plaintiff argues that the ALJ improperly discredited her symptom claims. ECF No. 14 at 18.

It is generally the province of the ALJ to make determinations regarding the reliability of Plaintiff's symptom statements, *Andrews*, 53 F.3d at 1039, but the

---

[1]In *Lucia v. S.E.C.*, 138 S.Ct. 2044 (2018), the Supreme Court recently held that ALJs of the Securities and Exchange Commission are "Officers of the United States" and thus subject to the Appointments Clause. To the extent *Lucia* applies to Social Security ALJs, the parties have forfeited the issue by failing to raise it in their briefing. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (the Court will not consider matters on appeal that were not specifically addressed in an appellant's opening brief).

ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

The ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms to be "not entirely consistent with the medical evidence and other evidence in the record." Tr. 27. Specifically, the ALJ found that Plaintiff's statements were not supported by the medical evidence and that Plaintiff made inconsistent statements regarding her symptoms. Tr. 28-29.

Plaintiff's argument in her Motion for Summary Judgment contains a single paragraph asserting that there are no clear and convincing reasons to disregard her reported symptoms and limitations. ECF No. 14 at 18. She fails to identify and challenge the ALJ's reasons for rejecting her statements. *Id*. In response, Defendant argues that this challenge is insufficient and amounts to Plaintiff waiving the issue. ECF No. 15 at 4-5. In the alternative, Defendant identifies the ALJ's reasons for rejecting Plaintiff's symptom statements as (1) they were not supported by the objective medical evidence, (2) Plaintiff's mental health was stable with medications, (3) no acceptable medical source had ever reported disabling limitations due to Plaintiff's physical impairments, and (4) Plaintiff provided inconsistent accounts of her symptoms.[2] ECF No. 15 at 6-10. As a Reply, Plaintiff asserts she has not waived any arguments because she

---

[2]The Court read the first three reasons as all falling under the umbrella of the ALJ's finding that Plaintiff's symptom statements were not supported by the medical evidence.

sufficiently outlined the evidence that supports her reported symptoms in the Statement of Facts in the Motion for Summary Judgment. ECF No. 16 at 1-2. She then identified and challenged the ALJ's reasons for rejecting her symptom statements as (1) because they were inconsistent with her reported activities of working on a computer, managing her money, and partaking in hobbies and (2) because Plaintiff made statements to her mental health providers showing improvement in her symptoms. *Id.* at 2-4.

Plaintiff's briefing fails to adequately address the issue of the ALJ's treatment of her symptom statements in two ways. First, a summary of the medical evidence followed by a single paragraph asserting that there are no clear and convincing reasons to disregard her symptom statements is insufficient to establish any error on the part of the ALJ or to demonstrate how the ALJ's decision was not supported by substantial evidence. *See Carmickle*, 533 F.3d at 1161 n.2. The Ninth Circuit explained the necessity for providing specific argument:

> The art of advocacy is not one of mystery. Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court. Particularly on appeal, we have held firm against considering arguments that are not briefed. But the term "brief" in the appellate context does not mean opaque nor is it an exercise in issue spotting. However much we may importune lawyers to be brief and to get to the point, we have never suggested that they skip the substance of their argument in order to do so. It is no accident that the Federal Rules of Appellate Procedure require the opening brief to contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(9)(A). We require contentions to be accompanied by reasons.

*Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003).[3]

---

[3] Under the current version of the Federal Rules of Appellate Procedure, the appropriate citation would be to FED. R. APP. P. 28(a)(8)(A)

Moreover, the Ninth Circuit has repeatedly admonished that the court will not "manufacture arguments for an appellant" and therefore will not consider claims that were not actually argued in appellant's opening brief. *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994). Because Plaintiff failed to provide adequate briefing, she waived the argument.

Second, even if Plaintiff's Reply briefing could be considered a properly raised challenge to the ALJ's reasons for rejecting her symptom statements, Plaintiff failed to challenge all the reasons the ALJ provided. Plaintiff's first challenge was to the issue of whether her activities were inconsistent with her reported symptoms, which was not a reason the ALJ provided for rejecting her symptom statements. ECF No. 16 at 2-3. Her second challenge was to the issue of her reported symptoms not being consistent with the medical evidence, asserting that the ALJ was cherry picking evidence. ECF No. 16 at 3. She made no challenge to the ALJ's conclusion that her physical complaints were not supported by the medical evidence. Therefore, even if her challenges were to prevail, the ALJ still provided unchallenged reasons and any error would be harmless. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (An error is harmless when "it is clear from the record that the . . . error was inconsequential to the ultimate nondisability determination."); *Carmickle*, 533 F.3d at 1163 (upholding adverse credibility finding where ALJ provided four reasons to discredit claimant, two of which were invalid).

**2. Medical Opinions**

Plaintiff argues the ALJ failed to properly consider and weigh the medical opinion expressed by John B. Severinghaus, Ph.D. ECF No. 14 at 19.

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and, (3) nonexamining physicians who neither treat nor examine the claimant.

*Lester*, 81 F.3d at 830. The ALJ should give more weight to the opinion of a treating physician than to the opinion of an examining physician. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). Likewise, the ALJ should give more weight to the opinion of an examining physician than to the opinion of a nonexamining physician. *Id.*

When an examining physician's opinion is not contradicted by another physician, the ALJ may reject the opinion for "clear and convincing" reasons, and when an examining physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" to reject the opinion. *Lester*, 81 F.3d at 830-31. The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating her interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer her conclusions, she "must set forth [her] interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

On January 12, 2015, Dr. Severinghaus completed a Psychological Evaluation at the request of the Washington Office of Disability Determination Services. Tr. 565-69. He provided the following medical source statement:

> Memory and cognitive problem-solving appear intact overall. Some errors and glitches may occur in relation to her mood swings. Interpersonal functioning is severely reduced overall because of her breakthrough emotions, particularly anger. While she is a nice person, clearly, her bipolar anger has not been fully controllable and she's had anger episodes since childhood, even on medication. The anger episodes, plus her crying spells, also not fully controllable, have greatly interfered with her attempts to maintain employment. Pace and persistence appear reduced partly because of medical issues, but verification of this is needed from a medical point of view. From a psychological standpoint, pace and persistence are also moderately to severely reduced because of her breakthrough mood swings, as

> described. She is able to manage funds, despite her concerns. As long as she remains clean and sober, with her current level of appropriate use of marijuana, she won't need a payee.

Tr. 569. The ALJ gave Dr. Severinghaus' opinion "some weight," but limited this weight "because his medical source statement is not a function by function assessment, but rather uses vague, general terms such as 'moderately severe.'" Tr. 30. The ALJ also limited the weight provided to the opinion because it appeared "to be based solely on subjective complaints and are unsupported by objective mental status abnormalities," and provided examples of how the medical source statement was inconsistent with the mental status examination performed during the evaluation. *Id*.

Plaintiff's challenge to the ALJ's treatment of Dr. Severinghaus' opinion asserts that it was consistent with the findings of her counselors at Frontier Behavioral Health and consistent with the opinion of her treating practitioner, Dawn Ann Mattison, ARNP. ECF No. 14 at 19-20. Plaintiff did not refute or even address the reasons the ALJ provided for providing less weight to Dr. Severinghaus' opinion. Defendant argues that by failing to address the reasons the ALJ provided for giving less weight to the opinion, Plaintiff has waived her argument. ECF No. 15 at 4-5. In her Reply, Plaintiff addresses the ALJ's finding that the opinion was based solely on Plaintiff's subjective complaints, ECF No. 16 at 4-7, but failed to challenge the ALJ's other two reasons: (1) Dr. Severinghaus medical source statement was not a function by function assessment, but rather used vague, general terms and (2) it was unsupported by objective mental status abnormalities. Tr. 30.

Here, Plaintiff's briefing fails for two reasons. First, because Plaintiff failed to "specifically and distinctly" present an argument regarding the ALJ's reasons for not crediting Dr. Severinghaus' opinion in her opening brief, any argument was waived. *Greenwood*, 28 F.3d at 977; *see also Independent Towers of Wash.*, 350

F.3d at 929. Second, even if Plaintiff's Reply briefing could be considered as a properly raised challenge to the ALJ's reasons, she only challenged one out of the three reasons the ALJ provided for giving the opinion less weight. Even if the argument prevailed, the ALJ still provided two additional and unchallenged reasons. Therefore, any resulting error would be considered harmless. *See Tommasetti*, 533 F.3d at 1038 (An error is harmless when "it is clear from the record that the . . . error was inconsequential to the ultimate nondisability determination.").

## CONCLUSION

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Defendant** and the file shall be **CLOSED**.

DATED June 11, 2019.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE